IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NELSON GOMES, Individually, derivatively and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 10-0083-CV-W-SOW<br>) |
| AMERICAN CENTURY COMPANIES, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

**ORDER**

Before the Court are the Institutional Defendants' Motion to Dismiss Plaintiff's Verified Derivative and Class Action Complaint (Doc. #50) and defendants' Motion to Dismiss Plaintiff's Verified Derivative and Class Action Complaint (Doc. #52). For the reasons stated below, defendants' motions are granted.

I. Background

This case arises out of an investment fund's alleged liability for investments in online gambling operations. According to plaintiff, his investments declined in value after defendants knowingly caused his mutual fund to unlawfully use investors' money to purchase shares in two illegal off-shore internet gambling businesses that accepted and processed wagers from gamblers in the United States. Plaintiff brings this action derivatively and as a putative class action, alleging defendants violated the Illegal Gambling Business Act of 1970, 18 U.S.C. § 1955, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Plaintiff also alleges state law claims for breach of fiduciary duty and negligence, as well as derivative claims for violations of RICO, breach of fiduciary duty, negligence, and waste.

Plaintiff Nelson Gomes is a citizen of California and shareholder in nominal defendant American Century World Mutual Funds, Inc. ("ACWMF"), an open-ended investment corporation, organized under the laws of the state of Maryland, with its principal place of business in Kansas City, Missouri. Defendant American Century International Discovery Fund ("the Fund") is a series offering by ACWMF. Defendant American Century Global Investment Management, Inc. ("ACGIM") was a Delaware corporation that served as the investment advisor for the Fund. On July 16, 2010, ACGIM merged into its parent company, American Century Investment Management, Inc. ("ACIM"). Defendant American Century Companies, Inc. ("ACC") a Delaware corporation is the parent corporation of ACIM. The individual defendants were the directors, officers, and portfolio managers of ACGIM and ACWMF.

Plaintiff alleges that at various times between December 2004 and November 2006, defendants caused the Fund to purchase thousands of shares of Bwin Interactive Entertainment AG ("Bwin") and NETeller Plc ("NETeller"), both of which were illegal gambling businesses under 18 U.S.C. § 1955.[1] Plaintiff states that because both Bwin and NETeller are illegal gambling businesses under Section 1955, the Fund's purchase of these shares caused the Fund to become an owner in an illegal gambling business.

In June 2006, a United States grand jury indicted a different internet gambling business – BetOnSports Plc – for racketeering, mail fraud, and running an illegal gambling enterprise. After

---

[1] This statute states, "[w]hoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years or both." 18 U.S.C. § 1955(a). Section 1955(b) goes on to state "[i]llegal gambling business" is defined as a gambling business which "(i) is a violation of the law of a State or political subdivision in which it is conducted; (ii) involves five or more persons who conduct, finance, manage, supervise, direct or own all or part of such business; and (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day." Id. § 1955(b).

this indictment was made public, Bwin's share price began to fall. Other actions were initiated to curb illegal gambling, and by October 2006, Bwin's share price dropped roughly 80%. Plaintiff states that he was "directly injured" by this loss, contending that each dollar lost by defendants' investments in an illegal gambling business resulted in a dollar loss to the Fund portfolio and to the investors in the Fund on a *pro rata* basis. All defendants move the Court to dismiss the Complaint because plaintiff has failed to show that he has shareholder standing to bring any of his direct claims, and further, plaintiff's derivative claims fail because plaintiff failed to make a demand on the Board of ACWMF prior to filing suit and the Complaint does not show that demand is excused as futile.

## II. Standard

The liberal pleading standard that was created by the Federal Rules of Civil Procedure only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on motions to dismiss the district court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to plaintiff[]." Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). The Supreme Court has stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## III. Discussion

The legal issues in this case have been litigated and decided by several courts around the country. To date, no court has found merit to any of the claims presented by plaintiff's counsel, and the Court can find no reason why the claims here should fare any better. Consequently, the Court finds that plaintiff's Complaint must be dismissed for the reasons stated in McBrearty v. Vanguard Group, Inc., No. 08 Civ. 7650 (DLC), 2009 WL 875220 (S.D.N.Y. April 2, 2009), aff'd, 353 Fed. App'x 640 (2d Cir. 2009) and Seidl v. Am. Century Co., 713 F. Supp. 2d 249 (S.D.N.Y. 2010), aff'd, 427 F. App'x 35 (2d Cir. 2011), cert. denied, No. 11-339 (2011).[2] Therefore, the Court dismisses plaintiff's Complaint with prejudice.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that the Institutional Defendants' Motion to Dismiss Plaintiff's Verified Derivative and Class Action Complaint (Doc. #50) is granted. It is further

ORDERED that defendants' Motion to Dismiss Plaintiff's Verified Derivative and Class Action Complaint (Doc. #52) is granted.

          /s/ Scott O. Wright
          SCOTT O. WRIGHT
          Senior United States District Judge

DATED: February 16, 2012

---

[2] Ordinarily, the Court would provide a thorough analysis behind its findings; however, numerous courts have already expended the time and resources writing on the same legal issues raised by plaintiff's counsel, and therefore this Court does not believe such an analysis is needed.